UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAMMY R.,<br><br>            Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No. C19-5966 RSM<br><br>**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

Plaintiff appeals denial of her applications for Supplemental Security Income and Disability Insurance Benefits, contending the ALJ erred by discounting her testimony, two medical opinions, and three lay witness statements, and failing to account for all severe impairments. Dkt. 12. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Plaintiff is 51 years old, has a high school education, and has no past relevant work. Dkt. 10, Admin. Transcript (Tr.) 46. Plaintiff applied for benefits in August 2016, alleging disability as of May 1, 2016. Tr. 36. After conducting a hearing in May 2018, the ALJ issued a decision finding Plaintiff not disabled. Tr. 146-79, 36-48.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 1

# THE ALJ'S DECISION

Using the five-step disability evaluation process outlined in 20 C.F.R. §§ 404.1520, 416.920, the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

**Step two:** Plaintiff has the following severe impairments: obesity, osteoarthritis of the bilateral knees, rheumatoid arthritis of the bilateral hands, degenerative disc disease, depression, and anxiety.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.

**Residual Functional Capacity:** Plaintiff can perform light work and can occasionally stoop, kneel, crouch, crawl, and climb ladders, ropes, and scaffolds; frequently climb ramps and stairs; and frequently reach overhead with the dominant right arm. She must avoid concentrated exposure to hazards. She can complete simple routine tasks and occasionally interact with others.

**Step four:** Plaintiff has no past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

Tr. 38-48.

# DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

A.   **Plaintiff's Testimony**

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 2

symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo*, 871 F.3d at 678. The ALJ discounted Plaintiff's symptom testimony, including difficulty using her hands, inability to stand or walk for long, and memory and focus problems, as inconsistent with her activities and the medical evidence. Tr. 41-43.

An ALJ may discount a claimant's testimony based on daily activities that either contradict her testimony or meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ cited driving to appointments, heating food in the oven or microwave, dressing herself, and doing "some cleaning and crafts," but failed to explain how these activities contradict Plaintiff's testimony. Tr. 43. Plaintiff testified she can perform these activities with limits, for example taking "a couple of breaks" while washing dishes or knitting for only "a little bit [before her] fingers start to cramp." Tr. 161, 157. These activities do not contradict her testimony. The ALJ also cited playing video games with her grandchild who has a seizure disorder and "spend[ing] time" with her young grandchildren. Tr. 43, 766. Nothing in the record suggests video game playing to such a degree that it contradicts Plaintiff's testimony that arthritis limits what she can do with her hands. Tr. 154. Spending time does not contradict Plaintiff's testimony. The ALJ erred by discounting Plaintiff's testimony based on activities.

An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, but not for mere lack of supporting medical evidence. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("lack of medical evidence cannot form the sole basis for discounting pain testimony"). The Commissioner contends records the ALJ cited contradict Plaintiff's testimony. Dkt. 14 at 12. But findings such as normal gait across a doctor's office do

not contradict testimony she cannot stand or walk for long. *Id.* at 13. Plaintiff reported decreased hand pain with methotrexate injections, but testified injections were stopped "because it was starting to cause problems with [her] liver." Tr. 155, 840. Plaintiff had "good long-term memory" and "fair" short-term memory, and "fair" concentration. Tr. 589, 769, 508. The Commissioner shows no contradiction with her report she can pay attention for "very short periods like 5 minutes" and follow instructions but "forget[s] some of them." Tr. 365. Moreover, the ALJ apparently accepted some memory and concentration limitations, restricting Plaintiff to "simple routine tasks." Tr. 41. Conflict with medical evidence was not a clear and convincing reason to discount Plaintiff's testimony.

The ALJ erred by discounting Plaintiff's testimony without a clear and convincing reason.

**B.     Lay Witness Statements**

The ALJ discounted the statement of Plaintiff's daughter "for the same reasons" he discounted Plaintiff's testimony. Tr. 45. The ALJ failed to address the statements of Plaintiff's friends. The Commissioner contends the failure was harmless error because reasons the ALJ gave to discount Plaintiff's testimony provide sufficient reasons to discount theirs. Dkt. 14 at 14-15. Because the ALJ erred in discounting Plaintiff's testimony, the ALJ also erred by discounting or failing to address the lay witness statements.

**C.     Step Two**

A medically determinable impairment "must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. §§ 404.1521, 416.921. Impairments are severe if they "significantly limit" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1522(a), 416.922(a). Plaintiff contends the ALJ erred by excluding

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 4

Crohn's disease, carpal tunnel syndrome, right shoulder osteoarthritis, obstructive sleep apnea, and migraines as severe medically determinable impairments. Dkt. 12 at 12-14.

The ALJ found Crohn's disease non-severe because it did not impose more than minimal limitations on Plaintiff's ability to work. Tr. 39. Substantial evidence supports the ALJ's finding, despite Plaintiff's argument that the disease may recur in the future. Plaintiff testified her Crohn's disease was in remission and causing "no … major issues." Tr. 153-54.

The ALJ found carpal tunnel syndrome was not a medically determinable impairment because no objective medical evidence established Plaintiff had it. Tr. 39. Plaintiff fails to identify any such objective medical evidence in the record, and Plaintiff's vague argument that the lack of such evidence "should be only the beginning of the analysis, not the end" fails to show any harmful error. Dkt. 12 at 13.

Plaintiff also fails to identify any objective medical evidence establishing migraines or obstructive sleep apnea and thus fails to show the ALJ erred by not including them at step two.

The record contains objective medical evidence from an acceptable medical source of a right shoulder impairment. Brodie Wood, M.D., assessed moderate glenohumeral osteoarthritis of the right shoulder based on X-ray results. Tr. 827. He found Plaintiff had pain with "[f]orward [e]levation." *Id.* However, an ALJ's failure to properly consider an impairment at step two may be harmless where the ALJ considered the functional limitations caused by that impairment later in the decision. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). The ALJ limited Plaintiff to frequent overhead reaching with her right arm and lifting 20 pounds maximum and 10 pounds frequently. Tr. 41. On remand, in light of a reevaluation of Plaintiff's testimony, the ALJ should assess whether these limitations adequately account for her right shoulder impairment.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 5

D.     **Medical Opinions**

   1.     **Terilee Wingate, Ph.D.**

ALJ may only reject the contradicted opinion of an examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). The ALJ rejected Dr. Wingate's opined "marked social limitations" as conflicting with Plaintiff's activities of going to church and visiting friends and family. Tr. 45. The only marked limitations Dr. Wingate opined were in maintaining punctual attendance, maintaining appropriate behavior at work, and completing a normal work day and work week without interruptions from psychologically based symptoms. Tr. 767. These opinions are not contradicted by the cited activities.

The Commissioner offers improper *post hoc* arguments on which the Court cannot rely. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995). Dkt. 14 at 4-5.

The Court concludes the ALJ erred by discounting Dr. Wingate's opinions.

   2.     **Nancy Armstrong, ARNP**

An ALJ may reject the opinion of a non-acceptable medical source, such as a nurse practitioner, by giving reasons germane to the opinion. *Ghanim v. Colvin,* 763 F.3d 1154, 1161 (9th Cir. 2014). Ms. Armstrong opined Plaintiff's neck and back pain with sciatica, right shoulder arthritis, and Crohn's disease markedly limited all exertional and postural movements, and she was unable to meet even the demands of sedentary work. Tr. 774-75. The ALJ gave these opinions little weight as "not supported by" examination findings such as normal gait and leg strength, no visible swelling or bruising, and normal lateral spinal range of motion. Tr. 45.[1]

---

[1] The ALJ also discounted Ms. Armstrong's opinion Plaintiff's "anxiety/Depression/PTSD" markedly limited seeing, hearing, and communicating, but Plaintiff does not challenge this conclusion. Tr. 774, 45.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 6

The record does not, however, indicate that such findings conflict with Ms. Armstrong's opinions. For example, the ALJ did not explain why bruising would be expected with arthritis or sciatica. Normal leg strength does not undermine assessments of neck, back, and shoulder impairments. Without more, the medical evidence the ALJ cited does not contradict Ms. Armstrong's opinions. The ALJ erred by discounting Ms. Armstrong's opinions.

### 3. Renee Eisenhauer, Ph.D.

Nonexamining State agency psychologist Dr. Eisenhauer opined Plaintiff's impairments would "reduce sustained concentration and stress tolerance," but not enough to prevent her doing "simple activities within an average schedule the majority of the time within customary tolerances." Tr. 202. The ALJ rejected this opinion, yet accommodated concentration restrictions by limiting Plaintiff to simple routine tasks, only occasional interaction with others, and no hazards. Tr. 41. Plaintiff fails to show any further limitation is required by Dr. Eisenhauer's opinion, and thus fails to show the ALJ harmfully erred in rejecting it.

Plaintiff also argues the ALJ erred by accepting the remaining State agency doctors' opinions. An ALJ is not required to provide reasons in support of accepting a medical opinion. *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010). However, because the ALJ must reevaluate Dr. Wingate's and Ms. Armstrong's opinions, the ALJ may also need to reevaluate the nonexamining doctors' opinions that conflict with them.

### E. Scope of Remand

Plaintiff asserts her testimony and Dr. Wingate's and Ms. Armstrong's opinions should be credited as true and the Court should remand for benefits. Dkt. 12 at 17. Plaintiff's approach relies on "an erroneous reading of [Ninth Circuit] case law, which requires [the Court] to assess whether there are outstanding issues requiring resolution *before* considering whether to hold [the

improperly discredited evidence] credible as a matter of law." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014); *see also Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (court may remand for benefits only "where there are no outstanding issues that must be resolved" (internal quotation marks and citation omitted)).  Plaintiff makes no effort to address whether outstanding issues requiring resolution remain, and the Court concludes they do.  For example, State agency doctors' opinions conflict with Dr. Wingate's and Ms. Armstrong's opinions.  *See* Tr. 189-91, 199-203.  The Court concludes outstanding issues remain and, accordingly, remand for further proceedings is appropriate.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reevaluate Plaintiff's testimony, the lay witness testimony, and Dr. Wingate's and Ms. Armstrong's opinions; reassess the RFC as needed; and proceed to step five as necessary.

DATED this 21st day of May, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE